THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WHITE, Also Known as CARL McCLELLAND, Appellant. [825 NYS2d 881]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered November 12, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal possession of stolen property in the fifth degree, and possession of burglar's tools.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for burglary in the second degree to an indeterminate term of incarceration of 20 years to life and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), criminal possession of stolen property in the fifth degree (§ 165.40), and possession of burglar's tools (§ 140.35). Contrary to the contention of defendant, County Court properly denied those parts of his motion seeking to suppress the tangible evidence seized by the police and statements made by defendant to the police. The police officer observed defendant riding a bicycle down the street at 5:00 A.M. with two bags and making furtive movements in riding up the driveway of a house, apparently to avoid a State Trooper vehicle coming from the opposite direction. We conclude that those observations provided a founded suspicion that criminal activity was afoot and thus justified the second level of intrusion under *People v De Bour* (40 NY2d 210 [1976]), i.e., a detention short of a forcible seizure to obtain explanatory information (*see id.* at 223; *see also People v Tucker*, 140 AD2d 887, 888-890 [1988], *lv denied* 72 NY2d 913 [1988]). As a result of that detention and inquiry, defendant gave inconsistent answers to the police officer's questions and allowed the police officer to look through the bags. When the police officer discovered that one of the bags contained gloves and a flashlight, and that defendant could not name the contents of the bags, the encounter was raised to the third level of *De Bour*, that of reasonable suspicion that defendant had committed a crime, and thus the forcible detention of defendant at that point was justified (*see De Bour*, 40 NY2d at 223). While the police officer was speaking with defendant, one of the burglary victims approached them and identified some of the stolen items as belonging to him, thus raising the encounter to the final level of *De Bour*, giving the police officer probable cause to arrest defendant (*see id.*). Thus, every stage of the encounter was justified under *De Bour* (*see generally id.* at 215). Contrary to the further contention of defendant, the verdict

finding him guilty of burglary in the second degree is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Vasquez*, 11 AD3d 643, 644 [2004], *lv denied* 4 NY3d 749 [2004]).

Finally, we agree with defendant that the sentence imposed for burglary in the second degree is unduly harsh and severe. We therefore as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]) modify the judgment by reducing the sentence imposed for burglary to an indeterminate term of incarceration of 20 years to life. Present—Scudder, P.J., Hurlbutt, Gorski and Pine, JJ.