■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered July 28, 1989, convicting him of murder in the second degree (two counts), and criminal possession of stolen property in the fourth degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 25 years to life imprisonment on the murder counts to run consecutively to an indeterminate term of 2 to 4 years imprisonment on the criminal possession of stolen property count.

Ordered that the judgment is modified, on the law, by deleting the provision thereof stating that the term of imprisonment imposed for felony murder under count three of the indictment shall run consecutively to the term of imprisonment imposed for intentional murder under count one of the indictment, and substituting therefor a provision stating that those terms of imprisonment shall run concurrently; as so modified, the judgment is affirmed.

The defendant stands convicted of murder for stabbing a Brooklyn woman to death on May 2, 1987. The evidence presented at the trial established that in April 1987 the victim hired the defendant's brother to renovate her newly-purchased brownstone. During the week preceding the victim's death, the defendant twice accompanied his brother to the victim's home to assist in performing the renovation work. However, on the second occasion, Wednesday, April 29, 1987, the victim informed another employee that she was temporarily short of cash and could no longer employ them. On the following evening, the defendant told his girlfriend that the victim had "a lot money and stuff" and that he was "going to get it". The victim's body was discovered in her home on May 3, 1987. She had been tied up and repeatedly stabbed. There was testimony that the defendant was seen on numerous occasions carrying a switchblade knife. In addition, a blue and white baseball cap, of the type worn by the defendant when he left the victim's home on Wednesday, April 29, 1987, was found near the body. The imprint of a sneaker discovered on the victim's pants was similar in pattern to the tread on the bottom of the defendant's sneakers. When the defendant was arrested six weeks after the homicide, he was in possession of the victim's Citibank cash card and a transaction receipt, both of which he attempted to dispose of when the police arrived.

On appeal, the defendant contends that his felony murder conviction should be vacated because the People failed to adduce legally sufficient evidence to prove that he killed the victim in the course of a robbery. We disagree. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the homicide occurred in the course of or in furtherance of the robbery of the victim and the theft of her Citibank cash card. Although the evidence against the defendant was wholly circumstantial, the facts from which the inference of the defendant's guilt was drawn are inconsistent with his innocence and exclude to a moral certainty every reasonable hypothesis except that of guilt *(see, People v Ben-*

*zinger,* 36 NY2d 29; *People v Cleague,* 22 NY2d 363, 365-366; *People v Letieri,* 154 AD2d 622).

Further, the trial court properly charged the jury that the defendant's recent and exclusive possession of the victim's Citibank card could justify an inference that he was guilty of the crimes charged *(see, People v Howard,* 60 NY2d 999, 1001; *People v Baskerville,* 60 NY2d 374, 382-383; *People v Everett,* 10 NY2d 500, 509, *cert denied* 370 US 963; *People v Galbo,* 218 NY 283, 290-291). Contrary to the defendant's contention, in the absence of any evidence tending to establish that another person may have committed the robbery and murder and delivered the fruits of those crimes to him, the court was not required to further instruct the jury that they could also infer that he was a mere possessor of stolen property *(see, People v Baskerville, supra; People v Howard, supra; People v Slater,* 115 AD2d 672; *People v Porter,* 110 AD2d 662).

However, as the People concede, the sentence imposed upon the defendant for felony murder must run concurrently with the sentence imposed upon him for intentional murder, since a single act committed upon a single victim formed the basis for both convictions *(see,* Penal Law § 70.25 [2]; *People v Pons,* 159 AD2d 471, 475).

We have examined the defendant's remaining contentions, and find them to be without merit. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.