■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH G. DE ROSA, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in refusing to disqualify a prospective juror for cause on the ground that his wife's first cousin was already sworn as a juror *(see,* CPL 270.20 [1] [b], [c]). The prospective juror stated that he was able to render an impartial verdict based solely upon the evidence adduced at trial *(see,* CPL 270.20 [1] [b]; *People v Blyden,* 55 NY2d 73, 76; *People v Biondo,* 41 NY2d 483, 485, *cert denied* 434 US 928). Furthermore, the prospective juror's

familial relationship to the sworn juror is not a relationship that implicates CPL 270.20 (1) (c).

We conclude that the hearing court properly denied defendant's motion to suppress the evidence seized as a result of the initial sweep search *(see, Mincey v Arizona,* 437 US 385, 392-393; *see also, Maryland v Buie,* 494 US 325; *People v Febus,* 157 AD2d 380, *lv granted* 76 NY2d 898, *appeal dismissed* 77 NY2d 835) and upon the execution of the two subsequently obtained search warrants *(see, Coolidge v New Hampshire,* 403 US 443, *reh denied* 404 US 874; *United States v Bolts,* 558 F2d 316, 320, *cert denied sub nom. Hicks v United States,* 434 US 930).

We reject defendant's contention that the accomplice testimony was not sufficiently corroborated to support his conviction of criminal possession of a controlled substance in the second degree and criminal sale of a controlled substance in the first degree. Upon our review of the record, we conclude that the physical evidence seized from defendant's apartment, the testimony of the bank teller, and the testimony of the police officers who were at the apartment constituted independent evidence that connected defendant to those crimes and provided the necessary corroboration of the accomplices' testimony to support defendant's conviction *(see,* CPL 60.22; *People v Moses,* 63 NY2d 299).

Finally, we conclude that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495) and that the sentence imposed was neither harsh nor excessive. (Appeal from Judgment of Oneida County Court, Buckley, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Boehm and Davis, JJ.