■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WILLIAMS, Appellant. [624 NYS2d 415] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered February 11, 1992, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 8 years to life, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The 23-day period from May 8, 1991, when the court issued a bench warrant, to May 31, 1991, when the People ascertained that defendant was incarcerated, is chargeable to the People for failure to show that they exercised due diligence in locating defendant *(People v Luperon,* 85 NY2d 71, 75-76). Also chargeable to the People, as they concede, is the 46-day period from June 27, 1991, when they announced that they were not ready to proceed to trial as scheduled, to August 12, 1991, when the court returned from vacation *(People v Smith,* 82 NY2d 676). The 16-day period that defendant's release motion under CPL 30.30 (2) (a) was pending, from September 4, 1991 to September 20, 1991, is excludable as motion practice *(People v Shannon,* 143 AD2d 572, *lv denied* 73 NY2d 860). The record reveals that defendant explicitly consented to the seven-day adjournment from August 28, 1991 to September 4, 1991 to accommodate defense counsel's vacation schedule *(People v Liotta,* 79 NY2d 841), and, although the People erroneously concede on appeal the 21-day period from September 20, 1991, when defendant withdrew his release motion, to October 11, 1991, when the People answered ready and defendant moved to dismiss on speedy trial grounds, here, too the

record clearly shows that defendant consented to the adjournment *(People v Ali,* 209 AD2d 227). In sum only 144 days were chargeable to the People, and defendant was not deprived of his right to a speedy trial. Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.