■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DORIS LACEY, Respondent. [690 NYS2d 182] —Order, Supreme Court,

Bronx County (Alexander Hunter, Jr., J.), entered on or about July 7, 1997, which granted defendant's motion to dismiss the indictment pursuant to CPL '30.30, unanimously reversed, on the law, defendant's motion denied, the indictment reinstated and the matter remanded for further proceedings.

In its April 16, 1997 decision, Criminal Term denied defendant's initial CPL 30.30 speedy trial motion; however, it found 177 days attributable to the People's delays as opposed to the 123 days conceded by the People or the 358 days argued by the defense. Thereafter, the defense made a supplemental speedy trial motion arguing that, in addition to the 177 days found chargeable to the People by the court, an additional 90 days should be chargeable due to the inaction and delay of the prosecutor during the pendency of the initial speedy trial motion. The court agreed, charging the People with an additional 79 days of delay for a total of 256 days and, in the order appealed from, dismissed the indictment for failure to be ready within the statutory 180-day period.

Subsequent to that decision, the Court of Appeals, in *People v Stirrup* (91 NY2d 434, 440), held that, in the post-readiness context, "a notice of readiness is the kind of record commitment to proceed which satisfies the People's duty to be ready for trial, and serves to toll the 'speedy trial clock' from running for the remainder of that adjournment period." In *People v Chavis* (91 NY2d 500, 506), the Court again noted that "the People were able to toll the 'speedy trial clock' by filing a notice of readiness".

Here, it is undisputed that the People first answered ready on July 11, 1994 and, therefore, all of the delay in issue herein was post-readiness. When the time between the date of filing of the notices of readiness and the adjourned dates is calculated and subtracted from the total time charged to the People by the trial court, it is clear that, in its original order, the court erroneously included four periods of time, totaling 111 days, where the People had on four occasions filed notices of readiness prior to the adjourned date set by the court. Thus, the court's order denying the defendant's initial CPL 30.30 motion improperly charged the People with an additional 111 days and the People should only have been charged with a total of 123 days.*

In the order appealed from, the trial court granted the defendant's supplemental motion and dismissed the indictment

---

* In a mathematical error not affecting this appeal, the court calculated the total time charged to the People on the original motion as 177 days when the court had intended to charge 234 days.

on CPL 30.30 grounds. The court specifically stated that it was not reviewing its initial determination charging the People with 177 days, since the People did not contest that finding in their response, and was only considering whether the People were chargeable with any of the delays in providing the court with the relevant minutes subsequent to the defendant's filing of his initial speedy trial motion.

The court concluded that the People's efforts to obtain the minutes were inadequate because they did not order the minutes until January 6, 1997, did not include all of the necessary adjourned dates, and because they did not ask the court to intervene sooner to help obtain them, noting that once it did, the minutes were produced within two weeks. The court found that the People's failure to append the minutes to their response or even to timely order the minutes was a "direct and insurmountable impediment to the very commencement of trial".

However, it is well settled that CPL 30.30 was intended only to address delays occasioned by prosecutorial inaction (*People v McKenna*, 76 NY2d 59, 63). Delay during the pendency of a defendant's CPL 30.30 motion is generally not chargeable to the People, since determination of the motion concerns a matter wholly collateral to the issue of the People's readiness for trial (*People v Shannon*, 143 AD2d 572, 572-573, *lv denied* 73 NY2d 860; *People v Williams*, 213 AD2d 350, *lv denied* 87 NY2d 852; *People v Porch*, 212 AD2d 360, 361, *lv denied* 86 NY2d 845).

Here, defendant's speedy trial motion was made after the People stated that they were ready, and the delay was caused by the court stenographers, who are individuals not within the People's control (*see, People v Hueston*, 171 AD2d 812, 812-813). The court erroneously attributed the delay involved to the People's failure to order the relevant minutes immediately upon receipt of the defendant's motion and/or the People's failure to seek the court's assistance in obtaining the minutes when they were not forthcoming.

The People were under no obligation to order the minutes prior to submitting their answer. Pursuant to CPL 210.20 (1) (g) and 210.45 (2), the People may respond to a defendant's factual allegations by filing an answer admitting or denying such allegations and may further submit documentary evidence. The court is then required to determine if a hearing is necessary or it may decide the motion without a hearing (*see,* CPL 210.45 [4] [c]; [5] [c]; *People v Santos*, 68 NY2d 859, 861). The People's submission of an affidavit and relevant support-

ing documentation from its records and court records was an adequate response (*cf., People v Santos, supra,* at 861-862; *People v Notholt,* 242 AD2d 251, 253). While the People may bear the initial burden of ensuring that an adequate record is made so that the court may make an informed decision as to whether the time is includable, "the People do not have the burden of obtaining the minutes of every adjourned date, challenged or not, in order to succeed on such a motion" (*People v Notholt, supra,* at 253).

In any event, defendant filed her initial CPL 30.30 motion on December 5, 1996, and the People's response was due by January 15, 1997. In their response dated January 13, 1997, the People stated that such response was prepared using records from both the court file and the files of the District Attorney's Office and maintained that only 123 days were chargeable to them. The court was informed that the minutes of the relevant adjournments had been ordered and it was requested that the court hold the motion in abeyance until the transcripts were received if it determined that it could not decide the motion without such minutes.

The record further demonstrates that the People first ordered various relevant minutes on January 6, 1997, approximately one month after defendant's motion was made and one week prior to the submission of their response. Defendant's argument that the People were guilty of delay in responding to the motion itself is baseless, since the People's response was submitted two days before its due date. The court, in concluding that the People should have ordered the minutes sooner, failed to consider that time was required to review defendant's allegations and to determine which, if any, minutes were required. Thereafter, the court erroneously placed upon the People the burden of supervising the court reporters. Indeed, the record demonstrates that on February 5, 1997, the initial return date of defendant's speedy trial motion, the court volunteered that it would call the court reporters' office to ensure that the minutes were produced quickly.

The court charged the People with the entire period of time which elapsed after January 15, 1997 (erroneously stated by the court as January 25, 1997), the due date for the People's response, to April 15, 1997, the date on which the court received all of the minutes. Although the court calculated this period as 79 days, the People correctly point out that the period of time was actually 89 days. Nevertheless, none of this time should have been charged to the People and thus the total time chargeable to the People is 123 days. Concur—Williams, J. P., Wallach, Andrias and Saxe, JJ.