THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VASQUEZ, Appellant. [782 NYS2d 679]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered October 9, 2002, convicting him of burglary in the second degree, petit

larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of due process because the trial court did not instruct the jury that it could infer that he possessed stolen property without committing a burglary is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Fernandez,* 286 AD2d 444 [2001]; *People v Douze,* 186 AD2d 753 [1992]). In any event, the trial court's "recent and exclusive possession" charge to the jury was proper. In the absence of any evidence tending to establish that another person may have committed the burglary and delivered the fruits of the burglary to the defendant, a court is not required to instruct the jury that it could infer that the defendant was a mere possessor of stolen property (*see People v Baskerville,* 60 NY2d 374 [1983]; *People v Mitchell,* 176 AD2d 897, 899 [1991]). At trial, the defendant failed to produce any evidence that a different individual committed the burglary and delivered the stolen property to him. Ritter, J.P., Santucci, Cozier and Skelos, JJ., concur.