■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE THOMPSON, Appellant. [895 NYS2d 148]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered July 31, 2006, convicting him of burglary in the second degree and burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied his right to a speedy trial (*see* CPL 30.30; *People v Robinson*, 47 AD3d 847 [2008]; *People v Green*, 31 AD3d 1048 [2006]; *People v Williams*, 244 AD2d 587 [1997]).

Contrary to the defendant's contention, his right to confrontation (*see* US Const 6th Amend) was not violated by the admission into evidence of reports generated by two private laboratories, each of which consisted of a DNA profile developed from blood samples extracted from the crime scenes. These reports were not "testimonial" (*Crawford v Washington*, 541 US 36, 52 [2004]), because they "consisted of merely machine-generated graphs" and raw data (*People v Brown*, 13 NY3d 332, 340 [2009]). The reports contained no conclusions, interpretations, comparisons, or subjective analyses (*id.*). Contrary to the de-

fendant's contention, the People were not required to present the testimony of each technician who actually developed the reports, as they "would not have been able to offer any testimony other than how they performed certain procedures" (*id.*). They did not perform any analyses of the DNA samples involved in this case, and played no role in linking the defendant's DNA to the profiles developed from the samples extracted from the crime scene (*compare id.*).

The People's delay in providing *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) does not warrant reversal of the defendant's conviction as there is no showing that the defendant suffered any actual prejudice from the delay (*see* CPL 240.75; *People v Wood*, 40 AD3d 663, 664 [2007]). When this material came to light, under the circumstances presented here, the trial court providently exercised its discretion in affording the defendant the opportunity to review the material and recall the relevant witness to cross-examine him concerning this material (*see People v Gutierrez*, 273 AD2d 251, 251-252 [2000]).

The defendant did not preserve for appellate review his contention that the People failed to present legally sufficient evidence establishing his intent to commit burglary (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's contention that the verdict was repugnant is unpreserved for appellate review and, in any event, is without merit (*see People v Medina*, 50 AD3d 1060 [2008]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.