■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY DAVIS, Appellant. [933 NYS2d 663]—

Defendant raises several issues relating to DNA evidence. Defendant's DNA matched DNA found on a cigarette butt recovered from a bedroom at the burglarized premises, and it also matched DNA found in a bloodstain left on a wall. It appears that prior to trial both the prosecutor and defense counsel misunderstood a laboratory report to mean that a match was found as to the cigarette butt but not the bloodstain.

Defendant contends that his trial counsel rendered ineffective assistance when he inadvertently elicited testimony that defendant's DNA matched the bloodstain. However, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). This is a case where the trial record itself permits review of the ineffective assistance claim (*see People v Brown*, 45 NY2d 852, 853 [1978]).

Defendant has not shown a reasonable probability that any mistake in eliciting incriminating evidence concerning the bloodstain affected the outcome of the trial or rendered the trial unfair (*see People v Davis*, 78 AD3d 435, 436 [2010], *lv denied* 16 NY3d 742 [2011]). The evidence of defendant's guilt was already overwhelming without the second DNA match. This evidence included the DNA match relating to the cigarette butt, as well as defendant's highly incriminating statements and behavior when he returned to the scene and encountered the victim. Contrary to defendant's arguments, the evidence excludes any reasonable possibility that defendant left the cigarette in the apartment at the time he returned to the premises instead of at the time of the burglary.

Defendant did not preserve his claim that the prosecutor deprived him of a fair trial by creating a misleading impression that only the cigarette yielded a DNA match. Defendant made that claim for the first time in a postverdict motion, which was insufficient to preserve the issue for appellate review (*see People v Padro*, 75 NY2d 820, 821 [1990]).

We decline to review this claim in the interest of justice, and as an alternative holding we find no basis for reversal. The People fulfilled their discovery obligations by turning the DNA report over to the defense (*see* CPL 240.20 [1] [c]). At various

stages of the litigation, including the trial itself, the prosecutor did create a misleading impression that defendant's DNA was found only on the cigarette and not the bloodstain; the prosecutor evidently was under that misimpression himself. Nevertheless, this did not require the drastic remedy of a new trial, the only remedy available given that defendant did not raise the issue until after the verdict. The People did not act in bad faith (*see People v McNeil*, 63 AD3d 551, 552 [2009], *lv denied* 13 NY3d 861 [2009]). Even if the prosecutor's error contributed to defense counsel's error in eliciting the bloodstain DNA evidence, that evidence did not affect the outcome of the trial, as noted above.

Defendant did not preserve his claim that the admission of certain DNA evidence violated his constitutional right of confrontation (*see People v Liner*, 9 NY3d 856 [2007]). Defendant's objections unmistakably invoked the hearsay rule rather than the right of confrontation, as the trial court's ruling made clear. We decline to review this claim in the interest of justice. As an alternative holding, we reject it on the merits. In *People v Brown* (13 NY3d 332, 335 [2009]) the Court of Appeals found a similar DNA report to be nontestimonial for Confrontation Clause purposes, and we find no basis to distinguish the report in this case.

The court properly denied defendant's speedy trial motion. The contested periods were excludable because they involved motion practice (*see* CPL 30.30 [4] [a]; *People v Williams*, 213 AD2d 350 [1995], *lv denied* 87 NY2d 852 [1995]), because defense counsel actively participated in setting the adjourned date and sought a longer adjournment for his own convenience (*see* CPL 30.30 [4] [b]; *People v Davis*, 80 AD3d 494, 495 [2011]), or because defense counsel requested additional adjournments after the People's statement of readiness (*see People v Reyes*, 240 AD2d 165, 166 [1997], *lv denied* 90 NY2d 942 [1997]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.