OPINION OF THE COURT
Dominic R Massaro, J.
The court now entertains this Vehicle and Traffic Law article 31 (alcohol and drug-related offenses) matter. Defendant Jose Umpierre was arrested on November 14, 2010, while driving a vehicle on City Island Road through Pelham Bay Park in Bronx County. At that time defendant was charged with various alcohol related vehicle offenses which are now awaiting trial. A pending motion in limine relates to admissibility of certain blood alcohol level tests, administered first in the field and subsequently at the 45th Precinct[1] by Police Officer Steven Rizzo.
Officers Rizzo and Daniel Glatz of the New York Police Department Highway Patrol claim observing defendant erratically change lanes on a main access road. Officer Rizzo charged defendant with Vehicle and Traffic Law offenses and violations including (1) aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]), (2) driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), (3) driving while intoxicated, per se (Vehicle and Traffic Law § 1192 [2]), and (4) driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). At time of defendant’s arrest, Officer Rizzo administered a field breathalyzer test (see Vehicle and Traffic Law § 1194 [1] [b]) to establish defendant’s blood alcohol level at the scene and a follow-up Intoxilyzer 5000 test at the 45th Precinct (see Vehicle and Traffic Law § 1194 [2]).
A motion in limine is a “preliminary application” (see generally Black’s Law Dictionary 791, 1033 [7th ed 1999]) made at the beginning of trial that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. Officer Rizzo, who administered the blood alcohol tests, is unavailable to testify because of retirement, according to the prosecutor. Consequently, defendant moves in limine for the *777 court to rule upon the blood alcohol test results’ admissibility in light of an alleged violation of the Sixth Amendment’s confrontation rights. In this instance, the evidence at issue is the blood alcohol test results from those tests administered to defendant when he was stopped near City Island and at the 45th Precinct. Defendant asks for a ruling before trial whether the scientific test results are inadmissable in light of the Sixth Amendment’s constitutional protections.
The People advised the court that Officer Rizzo is unavailable to testify at trial because he retired out of state. The prosecutor stated his intention to rely upon the arresting officer’s partner, Officer Glatz, to introduce the blood alcohol test results into evidence. In response, defendant protested the obvious inability to cross-examine the arresting officer concerning the breathalyzer and Intoxilyzer 5000 test results, causing a violation of defendant’s Sixth Amendment confrontation rights (see generally People v Oliver, 92 AD3d 900 [2d Dept 2012]). Defendant moved in limine to preclude introduction of the scientific test results and any testimony concerning the breathalyzer and Intoxilyzer 5000 testing here (see generally Bullcoming v New Mexico, 564 US —, 131 S Ct 2705 [2011];[2] Melendez-Diaz v Massachusetts, 557 US 305 [2009] [Confrontation Clause provides defendants with Sixth Amendment right to cross-examine witnesses who conduct forensic tests]).
Stated another way, defendant says his inability to question Officer Rizzo violates the Federal Constitution’s Confrontation Clause (see Melendez-Diaz v Massachusetts). Insisting that the prosecutor cannot prove the case by substitute testimony, defendant says he is entitled to keep the test results out of evidence because he is denied the right to confront the witness who certified the test results (see Bullcoming v New Mexico). Thus, defendant posits there can be no dispute that blood alcohol test results are testimonial in nature, requiring a competent witness for evidentiary admission purposes. Further, Officer Glatz cannot supply a foundation for introducing the breathalyzer and Intoxilyzer 5000 results because he is only a test observer (see Roy v Reid, 38 AD2d 717 [2d Dept 1972]). Only Officer Rizzo possesses the legal ability to testify as to certification of the test results for each occasion and an adequate reason for his nonappearance has not been shown. Further, Officer Glatz stood several feet from the testing machines while the tests were *778 conducted and says that he did not hear all exchanges between defendant and Officer Rizzo when the tests were conducted.
Prosecutor’s Position
The District Attorney frames the issue as whether defendant’s Sixth Amendment confrontation right will be violated by introduction of the breathalyzer and Intoxilyzer 5000 results if introduced through Officer Glatz’s testimony. The prosecutor characterizes Glatz as a video technician who recorded the administration of both the field breathalyzer test and the Intoxilyzer 5000 test by Officer Rizzo, and notes that Glatz himself is certified to administer both tests.
Citing certain “oral rulings” of this court, the prosecutor says that Supreme Court in this county has allowed breathalyzer test results into evidence through substitute police officers who were certified to administer the scientific test in question and who, as claimed here, operated the video camera in the field and at the precinct.[3] The prosecutor justifies this position by saying that, for instance, the printout generated by the Intoxilyzer 5000 and other breathalyzer printed records will provide the basis for meeting the People’s burden of establishing defendant’s blood alcohol content. The prosecutor further maintains that the machines are self-calibrating. Accordingly, no witness is needed because the machines supply the analysis and information without the need for intervention by an operator to calibrate the instrument before a person blows into it (see generally People v Thompson, 70 AD3d 866 [2d Dept 2010] [DNA profiles not testimonial, but merely machine generated graphs, raw data, and requires no analysis]).
Relying upon Thompson's rationale, the People offer that proof of blood alcohol levels need only machine generated calculations and no narrative testimony is required to introduce test results into evidence. Therefore, no confrontation issue is invoked: Officer Glatz will provide a proper foundation basis because the officer was present during the testing and operated a video camera recording both the breathalyzer and the Intoxilyzer 5000 tests (see People v Donaldson, 36 AD2d 37 [4th Dept *779 1971]). The prosecutor also says Officer Glatz can testify from his own knowledge that Officer Rizzo was properly certified to administer the tests and that the machine self-calibrated.
Defendant’s Reply'
Defendant reaffirms that allowing the breathalyzer and Intoxilyzer 5000 results into evidence without Officer Rizzo’s testimony violates the Sixth Amendment’s Confrontation Clause (see Bullcoming v New Mexico). The Supreme Court in Bull-coming rejected the testimony of an analyst who did not perform the blood alcohol test upon the ground of violation of the Confrontation Clause. Because of Bullcoming, the earlier holding in Thompson, that blood tests are not testimonial but raw data instead, is no longer valid constitutional law. Further, substitute testimony from Officer Glatz is not appropriate in light of Glatz’s testimony that he did not hear all of Officer Rizzo’s interaction with defendant or initial the appropriate checklist.
Legal Analysis
Under the Sixth Amendment’s Confrontation Clause, an accused has the right “to be confronted with the witnesses against him.” However, the exact contours of that right in the context of scientific testing are a source of significant litigation.
For instance, in Melendez-Diaz v Massachusetts, the United States Supreme Court reviewed the Confrontation Clause with regard to criminal laboratory reports submitted into evidence without the testimony of persons who performed the underlying scientific tests and prepared the reports. The High Court rejected the use of such reports without supporting testimony, deeming it a violation of the Confrontation Clause,[4] finding that forensic reports were not exempted from the clause and required the analyst’s testimony.
Concerning scientific testimony, the Supreme Court finds the use of evidence other than live testimony in a criminal case from laboratory analysts who conduct scientific tests violates the Sixth Amendment confrontation right even where the evidence derives from scientific “neutral” testing (see Melendez-Diaz v Massachusetts). Likewise, the clause bars a prosecutor from introducing a written analysis by using testimony of *780 analysts who are familiar with the laboratory’s testing procedures but who neither participated in nor observed the testing of a blood sample. Clearly, the accused has a right to confront the analysts who made the writing (see Bullcoming v New Mexico)[5]
The court concludes that permitting blood alcohol test results to be introduced into evidence here, without defendant being allowed to question Officer Rizzo, violates defendant’s confrontation rights, especially where the prosecutor bears the burden to show the percent of alcohol in defendant’s blood through chemical analysis of the person’s blood, breath, urine and/or saliva (see generally People v Donaldson, 36 AD2d 37 [1971]). Further, Officer Glatz’s testimony fails to provide a substitute basis for establishing a foundation for the introduction of the test results because he admittedly did not hear part of Officer Rizzo’s interaction with defendant. Officer Glatz, as a substitute, cannot convey what the reporting analyst (Officer Rizzo) knew or observed, or expose any lapses or inaccuracies on Rizzo’s part (see Bullcoming v New Mexico).
Some commentators argue that our Court of Appeals rejects the current trend of Supreme Court decisions and still finds that scientific reports are not testimonial in nature (see Andrew C. Fine, Symposium, The Confrontation Clause and Expert Testimony: Recent Developments in the Supreme Court and the New York State Court of Appeals, 20 JL & Pol’y 457 [2012]; Anthony Fasano, Sixth Amendment Confrontation Clause: The Decline of the Confrontation Clause in New York Supreme Court of New York Appellate Division, First Department, 28 Touro L Rev 929 [2012]). They cite People v Brown (13 NY3d 332 [2009])[6] as supporting that position. Brown is distinguishable from the *781 present case because the Court of Appeals weighs heavily the factor that the scientific report in Brown arose from a non-law enforcement source. In this matter, everything presented shows substantial law enforcement involvement in initiating and operating both the breathalyzer and the Intoxilyzer 5000 and, thus, by necessity invokes a confrontational situation even under the Brown rationale.
Based upon the foregoing and placing weight on the factor that local law enforcement conducted the scientific testing here, the court grants defendant’s in limine relief, that is, any testimony or test results concerning the breathalyzer and Intoxilyzer 5000 tests administered to defendant is precluded unless the People produce Officer Rizzo to satisfy defendant’s constitutional rights under the Sixth Amendment’s Confrontation Clause.
Additionally, the court finds that the prosecutor failed to adequately explain why Officer Rizzo cannot be produced. Without an adequate explanation, the court is reluctant to tread further upon this path.

. Establishing the blood alcohol level is a necessary element of each of the offenses under Vehicle and Traffic Law § 1192 (2) and (2-a) for which defendant is charged.

. See Megan Weisgerber, Comment, Confronting Forensics: Bullcoming v. New Mexico and the Sixth Amendment, 45 Loy LA L Rev 613 (2012).

. The prosecutor cites People v Torres (Sup Ct, Bronx County, McGuire, J., No. 39971C-2010) and People v Boetag (Sup Ct, Bronx County, Newman, J., No. 20758C-2008) as supporting the legal proposition that the test results can be introduced through the police officers who operated the video cameras. The District Attorney did not supply the opinions and advises that the rulings were oral and the court did not reduce those decisions to writing. Likewise, the prosecutor failed to supply the minutes in those cases.

. The Supreme Court teaches that the Confrontation Clause (1) provides testimonial reliability by means of oaths; (2) exposes the witness to the probative effects of cross-examination; and (3) permits the trier of fact to weigh the witness’ demeanor in determining credibility (see California v Green, 399 US 149 [1970]).

. Concerning calibration reports for breath testing instruments, these documents can be admitted at trial without live testimony from the person who performed the test, with no violation of the Confrontation Clause (see Crawford v Washington, 541 US 36 [2004]).

. Our Appellate Division has discussed Brown in a number of cases. The First Department found that DNA samples were not testimonial where law enforcement was not involved (see People v Davis, 90 AD3d 432 [1st Dept 2011]). Similarly, the First Department recognizes that scientific reports are generally not subject to the Confrontation Clause where they are not conclusory and require further testimony to link to a defendant (see People v Encarnacion, 87 AD3d 81 [1st Dept 2011]). A medical examiner’s autopsy report and DNA analysis were allowed into evidence in a murder trial (see People v Hall, 84 AD3d 79 [1st Dept 2011]). Distinguishing those cases from the instant case is the fact that law enforcement was not involved in conducting the scientific testing in the former cases while law enforcement is involved here.