■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LEONIDAS COTSIFAS, Appellant. [954 NYS2d 219]—

Appeal by the defendant from a judgment of the Supreme
Court, Nassau County (Sullivan, J.), rendered January 25, 2011,
convicting him of assault in the first degree, burglary in the
first degree (two counts), burglary in the second degree (three
counts), grand larceny in the third degree, criminal possession
of stolen property in the third degree, attempted grand larceny
in the third degree, unlawful imprisonment in the first degree,
petit larceny (two counts), possession of burglar's tools, at-
tempted grand larceny in the fourth degree, unauthorized use
of a vehicle in the third degree, endangering the welfare of a
child, criminal possession of a weapon in the fourth degree, and
criminal possession of stolen property in the fifth degree, upon
a jury verdict, and imposing sentence. The appeal brings up for
review the denial, after a hearing, of those branches of the
defendant's omnibus motion which were to suppress physical
evidence, identification testimony, and certain of his statements
to law enforcement officials.

Ordered that the judgment is affirmed.

The record supports the hearing court's determinations that
the People established that the police had reasonable suspicion
to detain the defendant and that the reasonable suspicion
ripened into probable cause to place him under arrest (see People
v Mobley, 58 AD3d 756, 756-757 [2009]). Accordingly, the hear-
ing court properly denied those branches of the defendant's
omnibus motion which were to suppress physical evidence,
identification testimony, and certain of his statements to law
enforcement officials.

The Supreme Court properly denied the defendant's request
for a charge on the justification defense with respect to the
charge of assault in the first degree, since no reasonable view of
the evidence supported such a charge (see People v Watts, 57
NY2d 299, 301 [1982]). Viewed in the light most favorable to
the defendant, the evidence was not sufficient to support a find-
ing that the victim, rather than the defendant, was the "initial
aggressor" (Penal Law § 35.15 [1] [b]; see CJI2d[NY] Justifica-
tion: Use of Physical Force in Defense of a Person [definition of
"initial aggressor"]; CJI2d[NY] Justification: Use of Deadly
Physical Force in Defense of a Person [definition of "initial ag-
gressor"]). In any event, the defendant's use of deadly force
against the victim would not have been justified since no
rational view of the evidence would permit a jury to conclude

that the defendant satisfied his duty to retreat (*see* Penal Law § 35.15 [2] [a]; *People v McGhee*, 4 AD3d 485, 486 [2004]; *People v Powell*, 181 AD2d 923 [1992]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Leventhal, Austin and Roman, JJ., concur.