■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PITRE, Appellant. [968 NYS2d 585]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered February 17, 2011, convicting him of murder in the second degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review since he failed to move for a trial order of dismissal specifically directed at the errors he now claims (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record

here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

In his pro se supplemental brief, the defendant contends that the trial court erred in allowing a father and daughter both to be seated on his jury. This claim is unpreserved for appellate review because the jurors' relationship was exposed during voir dire, but the defendant chose not to challenge it (*see* CPL 470.05 [2]). In any event, the prospective jurors' relationship was not one that implicates CPL 270.20 (1) (c) (*cf. People v Stamps*, 254 AD2d 507 [1998]; *People v De Rosa*, 187 AD2d 980 [1992]).

Contrary to the defendant's contention, raised in his pro se supplemental brief, his right of confrontation (*see* US Const Sixth Amend) was not violated when an expert testified that a DNA profile produced by the Office of the Chief Medical Examiner (hereinafter OCME) from a sample of the decedent's blood matched a DNA profile produced by the OCME from a sample of a stain on a pair of jeans given to the office by the police department. The DNA profiles were not testimonial (*see Crawford v Washington*, 541 US 36, 51-52 [2004]), but rather, were merely raw data that, standing alone, did not link the defendant to the crime (*see People v Brown*, 13 NY3d 332 [2009]; *People v Rawlins*, 10 NY3d 136 [2008]; *People v Thompson*, 70 AD3d 866 [2010]; *People v Dail*, 69 AD3d 873 [2010]; *see also Williams v Illinois*, 567 US —, 132 S Ct 2221 [2010]). The connection of the defendant to the crime was made by the testimony of police officers establishing that the defendant was wearing the subject jeans when arrested, and of the DNA expert, who testified that, based on his analysis, the two subject DNA profiles matched (*see People v Brown*, 13 NY3d 332 [2009]; *People v Rawlins*, 10 NY3d 136 [2008]; *People v Thompson*, 70 AD3d 866 [2010]; *People v Dail*, 69 AD3d 873 [2010]). Dillon, J.P., Chambers, Roman and Cohen, JJ., concur.