■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FUCITO, Appellant. [969 NYS2d 563]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered February 11, 2010, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his right to confrontation (*see* US Const 6th Amend) was not violated by the admission into evidence of reports generated by the Office of the Chief Medical Examiner of the City of New York. Each of these reports consisted of a DNA profile developed from samples extracted from items found at the crime scene. The reports contained no conclusions, interpretations, comparisons, or subjective analyses, and "consisted of merely machine-generated graphs" and raw data (*People v Brown*, 13 NY3d 332, 340 [2009]). Accordingly, the reports were not "testimonial" in nature (*Crawford v Washington*, 541 US 36, 36 [2004]; *see People v Brown*, 13 NY3d 332 [2009]).

Further, a foundation for the admission of these reports as business records was established through the testimony of an

assistant director employed by the Office of the Chief Medical Examiner of the City of New York (*see* CPLR 4518 [a]; *People v Brown*, 13 NY3d at 341; *People v Dail*, 69 AD3d 873, 874 [2010]; *People v Jenkins*, 55 AD3d 850, 851 [2008]), who also conducted the actual analysis and interpretation of the data contained in the reports at issue. Therefore, the admission of the laboratory reports and the testimony of the assistant director did not violate the defendant's right of confrontation (*see People v Brown*, 13 NY3d at 340; *People v Thompson*, 70 AD3d 866, 866 [2010]; *People v Dail*, 69 AD3d at 875; *People v Jenkins*, 55 AD3d at 851). Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.