Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 12, 2012, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent *978 review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Any discrepancies between the complainant’s prior out-of-court statements, the complainant’s grand jury testimony, and the complainant’s trial testimony, “were not of such magnitude as to render [her] testimony incredible or unreliable” (People v Scipio, 61 AD3d 899, 899 [2009]).
The defendant’s contention that the improper admission of certain photographs of the complainant deprived him of a fair trial is without merit. “[P]hotographs are admissible if they tend ‘to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered’ ” (People v Wood, 79 NY2d 958, 960 [1992], quoting People v Pobliner, 32 NY2d 356, 369 [1973]). They should be excluded “ ‘only if [their] sole purpose is to arouse the emotions of the jury and to prejudice the defendant’ ” (People v Wood, 79 NY2d at 960, quoting People v Pobliner, 32 NY2d at 370). Here, in light of the circumstances of this case, the trial court did not improvidently exercise its discretion in admitting the photographs taken of the complainant at the hospital because they were relevant with respect to the nature and extent of the victim’s injuries and their sole purpose was not to arouse the emotions of the jury and to prejudice the defendant (see People v Marra, 21 NY3d 979 [2013]).
The defendant’s contention that certain portions of the testimony of a sexual assault nurse examiner, who examined the complainant, constituted improper bolstering is unpreserved for appellate review, since no specific objections were made to the challenged testimony (see CPL 470.05 [2]; People v Moore, 89 AD3d 769, 769-770 [2011]; People v Arroyo, 59 AD3d 634, 634 [2009]). In any event, the testimony was properly admitted (see People v Hicks, 55 AD3d 1138, 1141 [2008]; People v Ocampo, 52 AD3d 741, 742 [2008]; People v Rogers, 8 AD3d 888, 892 [2004]).
Contrary to the defendant’s contentions, his right of confrontation (see US Const Sixth Amend) was not violated by the testimony of an assistant director employed by the Office of the Chief Medical Examiner of the City of New York (hereinafter OCME) and the admission into evidence of DNA profile reports *979 generated by lab technicians employed by the OCME. The assistant director conducted the actual analysis and interpretation of the data contained in the reports at issue. In this regard, the assistant director testified that she compared the DNA profiles derived from the sexual assault evidence collection kit to the defendant’s DNA profile and concluded that all of the profiles matched. Consequently, the DNA profile reports were not testimonial, but rather, were merely raw data that, standing alone, did not link the defendant to the crime (see People v Brown, 13 NY3d 332, 340 [2009]; People v Rawlins, 10 NY3d 136, 159 [2008]; People v Washington, 108 AD3d 576, 577-578 [2013]; People v Thompson, 70 AD3d 866, 866-867 [2010]; People v Dail, 69 AD3d 873, 875 [2010]).
The defendant’s contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Hurley, 75 NY2d 887, 888 [1990]; People v Johnson, 61 AD3d 892, 893 [2009]; People v Sadler, 49 AD3d 670, 671 [2008]). In any event, the record does not indicate any retaliation or vindictiveness against the defendant on the part of the Supreme Court in arriving at the sentence and “the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not establish that he was punished for asserting his right to proceed to trial” (People v Flores, 88 AD3d 902, 904 [2011]; see People v Munlyn, 67 AD3d 1028, 1028-1029 [2009]; People v Best, 295 AD2d 441, 442 [2002]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention is without merit.
Balkin, J.P, Sgroi, Cohen and LaSalle, JJ., concur.