■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSHON SANDERS, Appellant. [987 NYS2d 461]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered May 20, 2011, convicting him of burglary in the first degree (three counts) and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court violated his constitutional right to confrontation by permitting the People to introduce evidence of DNA testing performed on evidence recovered from the crime scene and his buccal swab through the People's expert witness, who did not perform every stage of the DNA testing process and who lacked personal knowledge of the

procedures used. This contention is without merit. The court properly admitted the expert's testimony (*see People v Pitre*, 108 AD3d 643, 644 [2013]; *People v Washington*, 108 AD3d 576, 577 [2013]). The court also properly admitted the New York City Office of Chief Medical Examiner's files containing DNA profiles and objective information regarding the testing procedures. These files contained DNA profiles prepared prior to receiving the defendant's DNA and did not, standing alone, link the defendant to the crime (*see People v Washington*, 108 AD3d at 577; *People v Dail*, 69 AD3d 873 [2010]). The People's expert conducted the critical analysis linking the defendant's DNA to the DNA found at the crime scene (*see People v Washington*, 108 AD3d at 577). The People were not required to present the testimony of each analyst who contributed to the process and who developed the reports (*see People v Thompson*, 70 AD3d 866 [2010]). Indeed, not everyone "whose testimony may be relevant in establishing the chain of custody, authenticity of the sample or accuracy of the testing device, must appear in person as part of the prosecution's case" (*Melendez-Diaz v Massachusetts*, 557 US 305, 311 [2009]).

The defendant's contention, raised in his pro se supplemental brief, that his convictions were not supported by legally sufficient evidence, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Person*, 74 AD3d 1239 [2010]; *People v Dolan*, 2 AD3d 745 [2003]; *see also People v Geroyianis*, 96 AD3d 1641 [2012]).

Additionally, the defendant, in his pro se supplemental brief, contends that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.