■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMI ABUZIYAD, Appellant. [24 NYS3d 516]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered November 15, 2012, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is only partially preserved for appellate review (*see People v Mantock*, 117 AD3d 753, 754 [2014]; *People v McClain*, 61 AD3d 703, 704 [2009]) and, in any event, is without merit.

The defendant failed to preserve for appellate review his contention that his right to confrontation (*see* US Const Sixth Amend) was violated when two DNA profile reports and a DNA comparison chart generated by the Office of the Chief Medical Examiner of the City of New York (hereinafter the OCME) were admitted into evidence through the testimony of a DNA analyst employed by the OCME. In any event, the defendant's contention is without merit. The two DNA profile reports were not "testimonial" in nature (*Crawford v Washington*, 541 US 36, 51-52 [2004]) because they consisted of "merely raw data that, standing alone, did not link the defendant to the crime" (*People v Pitre*, 108 AD3d 643, 644 [2013]; *see People v Thompson*, 70 AD3d 866, 866-867 [2010]; *People v Dail*, 69 AD3d 873, 875 [2010]). Accordingly, the admission of these DNA profile reports through the testimony of an OCME analyst did not violate the defendant's right to confrontation (*see People v Pitre*,

108 AD3d at 644; *People v Thompson*, 70 AD3d at 866-867). Moreover, the defendant's right to confrontation also was not violated by the admission of the DNA comparison chart. While the chart directly linked the defendant to DNA evidence recovered at the crime scene, the OCME analyst who created the DNA profiles contained in the chart testified and was subject to cross-examination at trial (*see People v Brown*, 13 NY3d 332, 340 [2009]).

Finally, defense counsel's failure to object to the admission of the DNA profile reports and DNA comparison chart did not constitute ineffective assistance of counsel (*see People v Hampton*, 81 AD3d 974, 975 [2011]). Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.