■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REBECCA HERNANDEZ, Appellant. [35 NYS3d 381]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Latella, J.), rendered January 15, 2013, convicting her of burglary in the second degree (four counts), petit larceny (four counts), and criminal possession of stolen property in the fifth degree (three counts), under indictment No. 1689/11, upon a jury verdict, and imposing sentence, (2) a judgment of the same court, also rendered January 15, 2013, convicting her of burglary in the second degree (two counts), burglary in the third degree (two counts), criminal trespass in the second degree (two counts), and petit larceny (two counts), under indictment No. 1781/11, upon her plea of guilty, and imposing sentence, and (3) a judgment of the same court, also rendered January 15, 2013, convicting her of burglary in the second degree, petit larceny, and criminal trespass, under indictment No. 1833/11, upon her plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, her trial counsel was not ineffective for failing to object to the admission of certain DNA evidence based upon the Confrontation Clause of the Sixth Amendment to the United States Constitution (*see* US Const 6th Amend; *People v Caban*, 5 NY3d 143, 152 [2005]). The objection would not have been successful because the DNA report was clearly admissible under the law in existence at the time of trial, as it was prepared by the analyst who testified at trial (*see People v Brown*, 13 NY3d 332 [2009]; *People v Danielson*, 9 NY3d 342 [2007]; *People v Abuziyad*, 136 AD3d 837, 838 [2016]; *People v Sanders*, 118 AD3d 1029, 1030 [2014]). The other portions of the relevant file offered by the Office of the Chief Medical Examiner were not testimonial because they consisted merely of raw data and objective information regarding the testing procedures, which did not, standing alone, link the defendant to the crime (*see People v Brown*, 13 NY3d at 340-341; *People v Sanders*, 118 AD3d at 1030). In any event, defense counsel's performance as a whole was effective (*see People v Leach*, 137 AD3d 1300 [2016]).

In addition, the Supreme Court properly charged the jury

that the defendant's recent and exclusive possession of several items of stolen property could justify an inference that she was guilty of three of the burglaries charged (*see People v Baskerville*, 60 NY2d 374, 382-383 [1983]; *People v Galbo*, 218 NY 283, 290-291 [1916]; *People v Torres*, 231 AD2d 594, 594 [1996]; *People v Mitchell*, 176 AD2d 897, 899 [1991]). There was no evidence tending to establish that another person may have committed these burglaries and delivered the fruits of those crimes to her. Therefore, the court was not required to further instruct the jury that they could also infer that she was a mere possessor of stolen property (*see People v Mitchell*, 176 AD2d at 899).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.