■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED HENDERSON, Appellant. [37 NYS3d 620]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered June 8, 2011, convicting him of rape in the third degree (five counts), criminal sexual act in the third degree (four counts), sexual abuse in the third degree (two counts), and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence supporting his convictions was legally insufficient is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an indepen-

dent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, any inconsistencies in the complainant's testimony were not of such magnitude as to render the testimony incredible or unreliable (*see People v Gurgov*, 129 AD3d 989, 990 [2015]; *People v Fernandez*, 115 AD3d 977, 978 [2014]).

The defendant's contention that the County Court erred in permitting the People to elicit evidence of his prior bad acts involving the complainant is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Laracuente*, 21 AD3d 1389, 1390 [2005]). In any event, the contention is without merit (*see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Molineux*, 168 NY 264, 291 [1901]). The court providently exercised its discretion in admitting the evidence as relevant background material to enable the court to understand the defendant's relationship with the complainant (*see People v Walters*, 127 AD3d 889, 889 [2015]; *People v Fonseca*, 121 AD3d 915 [2014]; *People v Bermejo*, 77 AD3d 965, 965 [2010]; *People v Davis*, 169 AD2d 774, 775 [1991]).

Contrary to the defendant's contentions, his right of confrontation (*see* US Const Sixth Amend) was not violated by the admission of the final DNA testing lab report and other documentation relating to the DNA testing. A forensic scientist with the New York State Police Forensic Investigation Center who testified at the trial was the analyst who developed the DNA profiles taken from the evidence, developed the DNA profiles taken from buccal swab samples provided from the defendant and the complainant, and conducted the actual analysis and interpretation of the data contained in the report. Thus, the defendant's right of confrontation was not violated (*see People v John*, 27 NY3d 294 [2016]; *People v Fernandez*, 115 AD3d at 978-979; *People v Fucito*, 108 AD3d 777, 777-778 [2013]; *People v Pitre*, 108 AD3d 643, 644 [2013]; *People v Washington*, 108 AD3d 576, 577 [2013]; *People v Thompson*, 70 AD3d 866, 866-867 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Hall, J.P., Austin, Miller and Maltese, JJ., concur.