People v Cowan (2018 NY Slip Op 05685)





People v Cowan


2018 NY Slip Op 05685


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-03766
 (Ind. No. 3128/14)

[*1]The People of the State of New York, respondent,
v
Jerome Cowan, appellant.


Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered March 21, 2016, convicting him of unauthorized use of a motor vehicle in the second degree, petit larceny (two counts), and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In the middle of the night, members of a neighborhood watch observed the defendant enter a vehicle parked on the street, exit that vehicle a few minutes later carrying what appeared to be a picture frame, then enter another vehicle parked in a driveway, and drive that vehicle away. The members of the neighborhood watch alerted the police, who stopped the defendant as he walked toward his house holding the complainant's framed diploma. The vehicle and its keys were recovered nearby.
The defendant contends that it was error to allow the People's witnesses to testify that they knew the defendant from the neighborhood, as this testimony was suggestive of prior criminal conduct by the defendant. The defendant's contentions are partially unpreserved for appellate review, as he did not object at trial to much of the subject testimony (see CPL 470.05[2]; People v Fleming, 70 NY2d 947; People v Medina, 53 NY2d 951; People v Henderson, 142 AD3d 1104). In any event, the testimony was properly admitted as relevant to the issue of the defendant's identity as the individual driving the stolen vehicle (see People v Morris, 21 NY3d 588, 594; People v Agina, 18 NY3d 600; People v Bones, 52 AD3d 522), to complete the narrative of events leading up to the defendant's arrest, and to provide background information (see People v Morris, 21 NY3d at 594; People v Larkins, 128 AD3d 1436). Furthermore, the police officers' testimony that they had seen the defendant before is not evidence of prior bad acts or uncharged crimes (see People v Correa, 16 AD3d 355; People v Jiminez, 300 AD2d 77).
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court