People v Legall (2021 NY Slip Op 05589)





People v Legall


2021 NY Slip Op 05589


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2018-14612
 (Ind. No. 10480/16)

[*1]The People of the State of New York, respondent,
v
Shawayne Legall, appellant.


Patricia Pazner, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered November 9, 2018, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted after a jury trial of assault in the first degree, arising out of a knife-point attack by him and an unapprehended accomplice that took place in the middle of the street. The defendant appeals.
The trial court properly denied the defendant's request for a charge on the justification defense with respect to the charge of assault in the first degree, since no reasonable view of the evidence supported such a charge (see People v Watts, 57 NY2d 299, 301; People v Cotsifas, 100 AD3d 1015). Viewed in the light most favorable to the defendant, the evidence, which included a nearby surveillance video recording of the entire attack, was not sufficient to support a finding that the victim, rather than the defendant, was the "initial aggressor" (Penal Law § 35.15[1][b]; see People v Ilagorre, 166 AD3d 899, 900; People v Cotsifas, 100 AD3d at 1015). In any event, the defendant's use of deadly force against the victim would not have been justified since no rational view of the evidence would permit a jury to conclude that the defendant satisfied his duty to retreat (see Penal Law § 35.15[2][a]; People v Cotsifas, 100 AD3d at 1015-1016).
The defendant's contention that certain hearsay testimony constituted impermissible bolstering is unpreserved for appellate review (see CPL 470.05[2]; People v Chin, 148 AD3d 925, 926; People v Fernandez, 115 AD3d 977, 978), and, in any event, without merit.
The defendant was not deprived of the effective assistance of counsel (see People v Rodriguez, 31 NY3d 1067, 1068; People v Walters, 172 AD3d 916, 917; People v Abuziyad, 136 AD3d 837; People v Hampton, 81 AD3d 974, 975).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court