Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered January 19, 2011, convicting him of burglary in the first degree (three counts), burglary in the second degree (three counts), assault in the first degree (two counts), assault in the second degree (two counts), criminal sexual act in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying the defendant’s challenges for cause to two prospective jurors. “[W]here prospective jurors unambiguously state that, despite preexisting opinions that might indicate bias, they will *577 decide the case impartially and based on the evidence, the trial court has discretion to deny the challenge for cause if it determines that the juror’s promise to be impartial is credible” (People v Arnold, 96 NY2d 358, 363 [2001]). Here, although the prospective jurors initially gave responses to inquiries that raised doubts as to their ability to be impartial, they ultimately provided unequivocal assurances that they could render an impartial verdict based solely on the evidence adduced at trial (see People v Narvaez, 34 AD3d 847, 848 [2006]; People v Nowlin, 297 AD2d 554, 555 [2002]; People v Cherry, 286 AD2d 913, 913 [2001]).
There is no merit to the defendant’s contention that the Supreme Court improvidently exercised its discretion in finding that the People’s expert witness was qualified to render an expert opinion in the field of the statistical significance of DNA profiles, as the witness demonstrated that she possessed the requisite skill, training, education, knowledge, or experience to render a reliable opinion in that field (see People v Menendez, 50 AD3d 1061, 1062 [2008]). Moreover, the court providently exercised its discretion in precluding cross-examination of the witness about DNA profile comparisons from three other states, since such questioning had the potential to mislead the jury (see People v Haynes, 39 AD3d 562, 564 [2007]; People v Paixao, 23 AD3d 677, 678 [2005]).
The defendant contends that the Supreme Court violated his right to confrontation by permitting the People to introduce evidence of DNA testing performed on evidence recovered from the crime scenes and his cheek swab through the People’s expert witness, who lacked firsthand knowledge of the testing of each item of evidence. However, the defendant’s contention is without merit. The court properly admitted files prepared by the New York City Medical Examiner’s Office containing DNA profiles derived from the testing of evidence recovered from the crime scenes, since the documents containing the DNA profiles, which were prepared prior to the defendant’s arrest, “did not, standing alone, link [him] to the crime” (People v Dail, 69 AD3d 873, 875 [2010]; cf. People v Oliver, 92 AD3d 900 [2012]). The testimony of the People’s expert witness established that she conducted the critical analysis at issue by comparing the DNA profiles derived from the crime scene evidence to the defendant’s DNA profile and concluding that all of the profiles matched (see People v Brown, 13 NY3d 332, 340 [2009]; People v Rawlins, 10 NY3d 136, 159 [2008], cert denied sub nom. Meekins v New York, 557 US 934 [2009]). Moreover, the DNA profile generated from the swab of the defendant’s cheek, standing alone, shed no *578 light on the issue of the defendant’s guilt in the absence of the expert’s testimony that it matched the profiles derived from the crime scene evidence (see People v Pealer, 20 NY3d 447, 452-456 [2013]; People v Rawlins, 10 NY3d at 159; see also Williams v Illinois, 567 US —, —, 132 S Ct 2221, 2224 [2012, plurality op]).
The defendant’s contention, raised in his pro se supplemental brief, that he was denied his right to a speedy trial, is not properly before this Court, since the defendant did not request dismissal of the indictment on that ground before the Supreme Court (see People v Davison, 92 AD3d 691, 692 [2012]).
The defendant’s further contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. Rivera, J.P., Roman, Miller and Hinds-Radix, JJ., concur.