■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX APONTE, Appellant. [53 NYS3d 652]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered July 16, 2013, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the first degree and criminal possession of a weapon in the fourth degree arising out of an incident on November 3, 2010. The People contend that, on that date, the defendant entered the complainant's store in Park Slope, Brooklyn, stepped behind the counter and, brandishing a knife at the complainant, grabbed some money from the open cash register. A surveillance videotape from the complainant's store, which recorded the entire incident inside the store, was admitted into evidence. The surveillance system depicted the incident, in color, from four different camera angles, including a close up angle of the complainant and the defendant. A witness who entered the store just after the defendant exited saw him drive away in a green pickup truck; the witness took down the license plate of the truck as it drove away. The truck, which had been reported stolen a week before the incident, was found several days after the robbery.

Contrary to the defendant's contention, his right of confrontation (see US Const Sixth Amend) was not violated when the People were permitted to introduce evidence of the DNA testing performed on swabs taken from the getaway vehicle's steering wheel. The evidence, which was contained in a report prepared by the Office of the Chief Medical Examiner (hereinafter OCME) prior to the defendant's arrest, consisted of raw data in the form of " 'nonidentifying graphical information,' " and did not, " 'standing alone,' " link the defendant to the crime (*People v Brown*, 13 NY3d 332, 339-340 [2009], quoting *People v Rawlins*, 10 NY3d 136, 159 [2008]; *see People v Washington*, 108 AD3d 576, 577-578 [2013]). Likewise, the DNA testing performed on oral swabs from the defendant did not, "standing alone," link the defendant to the crime (*People v Rawlins*, 10 NY3d at 159; *see People v Brown*, 13 NY3d at 340). As such, neither the DNA profile derived from the steering wheel swabs, designated Male Donor A, nor the known DNA profile generated from the swab of the defendant's cheek, standing alone, shed any light on the issue of the defendant's guilt in the absence of the expert's testimony that the two profiles matched (*see People v Pealer*, 20 NY3d 447, 452-456 [2013]; *People v Rawlins*, 10 NY3d at 159-160; *People v Washington*, 108 AD3d at 577-578; *People v Dail*, 69 AD3d 873, 875 [2010]).

Under these circumstances, the OCME reports were nontestimonial in nature; thus, their admission did not violate the defendant's right of confrontation (*see People v Brown*, 13 NY3d at 338; *People v Rawlins*, 10 NY3d at 156; *People v Kelly*, 131 AD3d 484, 486 [2015]; *People v Pitre*, 108 AD3d 643, 644

[2013]). The testimony of the People's expert witness also did not violate the defendant's right of confrontation, as her testimony established that she conducted an independent analysis of the raw data that led her to conclude that the DNA on the steering wheel matched the defendant's DNA (*see People v Brown*, 13 NY3d at 340; *People v Rawlins*, 10 NY3d at 159-160; *People v Kelly*, 131 AD3d at 486; *People v Washington*, 108 AD3d at 577-578).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Schouenborg*, 42 AD3d 473, 474 [2007]).

The defendant's remaining contention is without merit. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.