People v Daugherty (2020 NY Slip Op 02114)





People v Daugherty


2020 NY Slip Op 02114


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11311 503/15

[*1]The People of the State of New York, Respondent,
v
Timothy Daugherty, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered September 28, 2016, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.
By making a generalized objection (see People v Tevaha, 84 NY2d 879, 881 [1994]), or no objection at all, defendant failed to preserve his arguments as to evidence allegedly relating to uncharged crimes and allegedly improper cross-examination, and we decline to review them in the interest of justice. As an alternative holding, we find them unavailing.
Evidence of defendant's threatening conduct toward store security personnel while he was being detained was not evidence of an uncharged crime, but was part of the evidence of the charged crime (see People v Frumusa, 29 NY3d 364, 370 [2017]), and was relevant to the element of force. Likewise, the portion of the prosecutor's cross-examination challenged on appeal did not involve a "bad act" offered to impeach defendant's general credibility, but instead was proper cross-examination about the facts of the underlying incident, and it was responsive to defendant's direct testimony.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK