People v Pelt (2020 NY Slip Op 03250)





People v Pelt


2020 NY Slip Op 03250


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-01382
 (Ind. No. 2607/13)

[*1]The People of the State of New York, respondent,
v
Ryiquan Pelt, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered January 8, 2016, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree. Prior to trial, the defendant moved to preclude evidence sought to be introduced by the People regarding DNA testing derived from the use of the Forensic Statistical Tool (hereinafter FST), or alternatively, to conduct a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of such evidence. The Supreme Court denied the defendant's motion, finding that FST was generally accepted in the scientific community.
Based upon the recent determinations by the Court of Appeals in People v Foster-Bey (_____ NY3d _____, 2020 NY Slip Op 02124) and People v Williams (_____ NY3d _____, 2020 NY Slip Op 02123), we find that it was an abuse of discretion as a matter of law for the Supreme Court to admit the FST evidence without first holding a Frye hearing "given [the] defendant's showing that there was uncertainty regarding whether such proof was generally accepted in the relevant scientific community at the time of [the defendant's] motion" (People v Foster-Bey, _____ NY3d at _____, 2020 NY Slip Op 02124, *2; see People v Williams, _____ NY3d at _____, 2020 NY Slip Op 02123, *8). Additionally, we find that the error was not harmless (see People v Crimmins, 36 NY2d 230, 237). Without this forensic evidence, proof of the defendant's guilt was not overwhelming as the only additional evidence linking the defendant to the weapon was the testimony of a lay witness which was circumstantial in nature. Accordingly, reversal of the judgment and a new trial are required (see id.).
The defendant's remaining contentions need not be reached in light of our determination.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court