People v Frederick (2020 NY Slip Op 04964)





People v Frederick


2020 NY Slip Op 04964


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-00293
 (Ind. No. 1259/15)

[*1]The People of the State of New York, respondent,
v
Jovan Frederick, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered November 30, 2016, convicting him of attempted murder in the second degree, robbery in the first degree, attempted robbery in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, his lineup identifications, and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the People established at a suppression hearing that the police had probable cause to arrest him (see generally People v Bigelow, 66 NY2d 417, 423), and we agree with the Supreme Court's determination denying those branches of his omnibus motion which sought to suppress physical evidence, his lineup identifications, and his statements to law enforcement officials as fruits of the poisonous tree.
Further, we agree with the determination of the Supreme Court to deny that branch of the defendant's omnibus motion which was to suppress a firearm seized at his home pursuant to a consent to search. The credible evidence adduced at the pretrial suppression hearing established that, under the totality of the circumstances, the defendant's aunts, who also resided in the home, voluntarily consented to the search (see People v Gonzalez, 222 AD2d 453). Contrary to the defendant's contention, the court did not improvidently exercise its discretion in denying his motion to reopen the suppression hearing. The defendant failed to demonstrate that he discovered additional facts, not discoverable with reasonable diligence before the determination of the motion, that would have affected the court's ultimate determination of his suppression motion (see CPL 710.40[4]; People v Ekwegbalu, 131 AD3d 982, 984).
The defendant's contention that his right to confrontation (see US Const Amend VI) was violated because DNA test results admitted into evidence contained testing performed by analysts who did not testify at trial is without merit. The testifying criminalist performed a technical review of the analyst's report, independently reviewed the analyst's data interpretation, and reached [*2]an independent conclusion, and thus, was not merely "functioning as a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315).
The Supreme Court providently exercised its discretion in denying the defendant's motion to exclude ballistics expert testimony, or, alternatively, to conduct a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of that testimony. "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458; see People v Givens, 30 Misc 3d 475, 477-478 [Sup Ct, Bronx County]).
The Supreme Court providently exercised its discretion in sentencing the defendant as a persistent felony offender (see Penal Law § 70.10[2]; People v Bazemore, 100 AD3d 915). The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court