People v Applewhite (2021 NY Slip Op 03847)





People v Applewhite


2021 NY Slip Op 03847


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-02484
 (Ind. No. 3635/16)

[*1]The People of the State of New York, respondent,
v
Christopher Applewhite, appellant.


Robert J. Marinelli, New York, NY (Heather J. Stepanek of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered January 22, 2019, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree. Prior to trial, the Supreme Court denied the defendant's motion to preclude the People from introducing at trial DNA testing results and testimony concerning the Forensic Statistical Tool (hereinafter FST) or, in the alternative, for a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of the evidence generated by the FST.
The Supreme Court improvidently exercised its discretion in admitting FST evidence without first holding a Frye hearing (see People v Foster-Bey, 35 NY3d 959; People v Williams, 35 NY3d 24). As proof of the defendant's guilt was not overwhelming without the FST evidence (see People v Pelt, 184 AD3d 672; People v Herskovic, 165 AD3d 835), the error was not harmless (see People v Crimmins, 36 NY2d 230). Accordingly, the judgment of conviction must be reversed and a new trial ordered.
The defendant's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court