People v Adeyeye (2021 NY Slip Op 05347)





People v Adeyeye


2021 NY Slip Op 05347


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2015-02395
 (Ind. No. 7905/12)

[*1]The People of the State of New York, respondent,
v
Vincent Adeyeye, appellant.


Patricia Pazner, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent Del Giudice, J.), rendered March 10, 2015, as amended March 18, 2015, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is reversed, on the law and in the exercise of discretion, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant was convicted, after a jury trial, of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree. Prior to trial, the defendant moved, inter alia, to preclude the People from introducing at trial DNA testing results derived from the use of the Forensic Statistical Tool (hereinafter FST), or alternatively, to conduct a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of the evidence generated by the FST. The Supreme Court denied that branch of the defendant's motion, finding that FST was generally accepted in the scientific community. We reverse.
The Supreme Court improvidently exercised its discretion in admitting FST evidence without first holding a Frye hearing (see People v Foster-Bey, 35 NY3d 959; People v Williams, 35 NY3d 24; People v Applewhite, 195 AD3d 856; People v Pelt, 184 AD3d 672, 673). Moreover, the error was not harmless because, without the FST evidence, the proof of the defendant's guilt was not overwhelming (see People v Crimmins, 36 NY2d 230, 237; People v Applewhite, 195 AD3d 856; People v Pelt, 184 AD3d at 673).
Accordingly, the judgment must be reversed and a new trial ordered.
The defendant's remaining contentions need not be reached in light of our determination.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court