People v Weathers (2022 NY Slip Op 00441)





People v Weathers


2022 NY Slip Op 00441


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2017-11721
 (Ind. No. 9932/14)

[*1]The People of the State of New York, respondent,
v
Willie Weathers, appellant.


Patricia Pazner, New York, NY (William Kastin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered October 23, 2017, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of the effective assistance of counsel as a result of defense counsel's failure to seek preclusion of certain DNA evidence based on an alleged violation of Executive Law § 995 is without merit. "[V]iolation of a statute does not, without more, justify suppressing the evidence" (People v Greene, 9 NY3d 277, 280) when the violation does not implicate a constitutionally protected right (see People v Johnson, 27 NY3d 199, 207; Matter of Quadon H., 55 AD3d 834, 835). Accordingly, such a motion had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Benjamin, 188 AD3d 715, 716).
Since the criminologist who testified at trial testified that she reviewed "all data" in preparing her report, the defendant's contention that defense counsel's failure to object to the admission of that evidence on the ground that it violated his constitutional right to confrontation constituted ineffective assistance of counsel is unsupported by the record (see People v John, 27 NY3d 294; People v Lebron, 171 AD3d 1092, 1093). The defendant's claim that defense counsel's cross-examination demonstrated ineffective assistance of counsel is without merit.
The Supreme Court providently exercised its discretion in denying the defendant's motion to preclude evidence regarding his conduct after the alleged sexual assault was completed. Although that conduct indicated that the defendant committed additional crimes, for which prosecution was barred by the statute of limitations, the conduct was relevant to prove forcible compulsion and the absence of consent, which are necessary elements of rape in the first degree (see People v Nieves, 186 AD3d 1260, 1261; People v Daugherty, 181 AD3d 545; People v Torres, 78 AD3d 866, 867). Furthermore, the probative value of the evidence outweighed the risk of prejudice to the defendant (see People v Frumusa, 29 NY3d 364, 373; People v Henry, 173 AD3d 900, 901), and the court's limiting instruction to the jury served to alleviate any prejudice from the admission of that evidence (see People v Nieves, 186 AD3d at 1261; People v Gross, 172 AD3d 741, 742).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court