People v Espinosa (2022 NY Slip Op 04643)

People v Espinosa

2022 NY Slip Op 04643

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2016-03674
 (Ind. No. 2367/14)

[*1]The People of the State of New York, respondent,
v
Jorge Espinosa, appellant.

Patricia Pazner, New York, NY (Meredith S. Holt and Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Benjamin N. Costanza of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert A. Schwartz, J.), rendered March 17, 2016, convicting him of burglary in the second degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, although the complainants were unable to positively identify him, the circumstantial evidence, including the DNA evidence linking the defendant to the crime, established a prima facie case as to identity (see People v Drummond, 143 AD3d 836; People v Moss, 138 AD3d 761). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court's Sandoval ruling (People v Sandoval, 34 NY2d 371) was a provident exercise of discretion, as it constituted an appropriate compromise which properly balanced the probative value of the proffered evidence against any potential prejudice to the defendant (see People v Smith, 18 NY3d 588, 593-594; People v Hayes, 97 NY2d 203, 207-208).
The defendant's contention that certain DNA evidence should have been precluded based on an alleged violation of Executive Law § 995-c is unpreserved for appellate review, since defense counsel did not object to the admission of the DNA evidence on this basis (see CPL 470.05[2]). In any event, the defendant's contention is without merit (see People v Weathers, 201 AD3d 959, 960). "'[V]iolation of a statute does not, without more, justify suppressing the evidence' [*2]when the violation does not implicate a constitutionally protected right" (id., quoting People v Greene, 9 NY3d 277, 280; see Matter of Quadon H., 55 AD3d 834, 835).
Similarly, the defendant's contention that his Sixth Amendment right to confrontation was violated because DNA test results admitted into evidence contained testing performed by an analyst who did not testify at trial is unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contention is without merit (see People v John, 27 NY3d 294; People v Frederick, 186 AD3d 1398; People v Aponte, 149 AD3d 1096; People v Pitre, 108 AD3d 643). "The testifying criminalist performed a technical review of the analyst's report, independently reviewed the analyst's data interpretation, and reached an independent conclusion, and thus, was not merely 'functioning as a conduit for the conclusions of others'" (People v Frederick, 186 AD3d at 1399, quoting People v John, 27 NY3d at 315).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court