People v Rochard (2023 NY Slip Op 04219)

People v Rochard

2023 NY Slip Op 04219

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2017-03770
 (Ind. No. 10576/13)

[*1]The People of the State of New York, respondent,
v
Kareem Rochard, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Gamaliel Marrero, and Jason Eldridge of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), rendered March 10, 2017, convicting him of attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree (two counts), endangering the welfare of a child, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress a witness's in-court identification testimony. "A witness may identify the perpetrator of a crime as part of his or her in-court testimony, notwithstanding the existence of a procedurally-defective pretrial identification procedure, provided that the People establish by clear and convincing evidence that the in-court identification is based upon the witness's independent [*2]observation of the defendant" (People v Radcliffe, 273 AD2d 483, 484; see People v Goondall, 173 AD3d 896, 898). Here, contrary to the defendant's contention, the People proved by clear and convincing evidence at an independent source hearing that the witness's in-court identification of the defendant would be based on his independent observation of the defendant during the shooting and a prior encounter (see People v Goondall, 173 AD3d at 898; People v Jenkins, 38 AD3d 566; People v Brown, 293 AD2d 686; People v Radcliffe, 273 AD2d at 484).
The Supreme Court providently exercised its discretion in denying the defendant's motion to exclude the testimony of the People's ballistics expert or, in the alternative, to conduct a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of that testimony (see People v Frederick, 186 AD3d 1398, 1399-1400). "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458; see People v Frederick, 186 AD3d at 1399-1400). The court, however, improvidently exercised its discretion in admitting into evidence DNA testing results derived from the use of the forensic statistical tool without first holding a Frye hearing (see People v Easley, 38 NY3d 1010, 1011; People v Foster-Bey, 35 NY3d 959; People v Williams, 35 NY3d 24; People v Adeyeye, 198 AD3d 666, 667). This error, however, was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the jury would have acquitted the defendant had it not been for this error (see People v Easley, 38 NY3d at 1011-1012).
The defendant's contention that certain comments made by the prosecutor during summation were improper and deprived him of a fair trial is without merit. The challenged statements, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom, or were fair response to defense counsel's comments during summation, and any improper statements were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Adolph, 206 AD3d 753, 754).
The defendant's remaining contentions are without merit.
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court